SCHUMACHER and others, Respondents, vs. RAILROAD COMMISSION OF WISCONSIN, Appellant.

*November 15—December 9, 1924.*

*Public utilities: Neighborhood co-operative undertaking: Power and light lines.*

1. Individuals who undertook to render no public service, but constructed a private line by which they were enabled to secure electric current, are not a "public utility" within the meaning of sec. 196.01, Stats., and the railroad commission was therefore without jurisdiction to order them to permit their neighbors to share in the benefits of such enterprise except on such terms as might be agreed upon. p. 305.

2. Where there is a monopoly, or a service is offered to the public, that which was before private property becomes impressed with a public use and is brought within the field of regulation as a public utility. p. 306.

Schumacher v. Railroad Comm. 185 Wis. 303.

APPEAL from a judgment of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

Jurisdiction of *Railroad Commission.* The Lincoln Highway Light Company is an unincorporated association composed of twelve members residing along the Shoto road, a highway running north from the city of Manitowoc. The city of Manitowoc operates a public utility and has a practice of attaching its lines at the city limits to privately constructed lines extending beyond. The consumers on these privately constructed lines receive current from the city and the city bills for the current so furnished and collects therefor from each of the consumers. In 1920 one Schwantes had erected such a line to furnish light and power to buildings owned by him. Subsequently others connected with the Schwantes line. Thereafter Schwantes built another and stronger line, and the plaintiffs, under the name of the Lincoln Highway Light Company, purchased the new line. Messrs. Ziebell, Christiansen, and Aastad live upon the Shoto road respectively 200, 500, and 600 feet from the city limits. Each of the members of the Lincoln Highway Light Company had paid $100 as his share of the cost of the erection of said lines. After the plaintiffs had made their connection, Aastad, Christiansen, and Ziebell were invited to join the association but refused to do so. Up to the time of the filing of their petition with the *Railroad Commission* they were not connected with the new line. The company offered then to permit them to connect upon payment of $50. This offer was refused. The city offered to give them service if they would build the necessary line to the city limits as the other nonresident consumers had done. This they refused to do. Aastad, Christiansen, and Ziebell claimed that the Lincoln Highway Light Company was a public utility and that it was obliged to furnish them with light and power. They petitioned the *Railroad Commission.* There was a hearing, and the *Commission* ordered that connection be made upon a rental basis of $6 per year, the

*Commission* retaining jurisdiction for such further order as might be necessary should the recommendation not be accepted within a reasonable time. There was a rehearing and an order reaffirming its finding. This action was begun to review the order of the *Commission* granting Ziebell, Aastad, and Christiansen the right to connect upon payment of the rental of $6 per year each. From the judgment setting aside the order of the *Commission* the *Railroad Commission of Wisconsin* appeals.

For the appellant there was a brief by the *Attorney General, C. A. Erikson,* deputy attorney general, and *E. L. Wingert* of Madison, and oral argument by *Mr. Erikson* and *Mr. Wingert.*

*E. L. Kelley* of Manitowoc, for the respondent.

Rosenberry, J. The only issue involved in this case is whether or not the *Railroad Commission* had jurisdiction to make the order reviewed. The trial court was of the opinion that under the case of *Cawker v. Meyer,* 147 Wis. 320, 133 N. W. 157, the plaintiffs here were not a public utility and that the *Railroad Commission* had no jurisdiction. The court said:

"The plaintiffs are in no sense a public utility. They are only a group of neighbors who have co-operated to build a line to supply themselves with electric current, with no purpose of making a profit or of serving the public generally or any portion of the public outside of those who voluntarily band themselves together to aid in this purely neighborhood co-operative undertaking. The legislature never contemplated that such an association would be considered a public utility, subject to the regulation of the *Railroad Commission.*"

In this view we concur. The plaintiffs enjoy no monopoly, as the evidence clearly shows. If this neighborhood association is a public utility, then where three or four neighbors band together to share the expense of carrying

their milk to a creamery or cheese factory they become common carriers. The original petitioners herein obstinately refused to join in the enterprise upon the same basis upon which their neighbors entered and seek to gain the advantage of this neighborhood enterprise without sharing in its burdens and responsibilities. The trial court was right in holding that this case was clearly ruled by the case of *Cawker v. Meyer, supra.*

The definition of "public utility" found in sec. 196.01, Stats., must be read in connection with the subject matter to which it refers. The *Pipe Line Cases,* 234 U. S. 548, 34 Sup. Ct. 956, are cited to our attention as decisive of the question presented here. It was there held in the matter of the Uncle Sam Oil Company that a corporation operating a pipe line for the sole purpose of transporting oil from its own well to its refinery is not a utility.[1] The character of the act is not changed because two or three join in it. It is where there is a monopoly or a service is offered to the public that that which was before private property becomes impressed with a public use and is brought within the field of regulation as a public utility. The plaintiffs undertook to render no service, but constructed a private line by means of which the city of Manitowoc was enabled to render a service to them. Their neighbors have the same right, but they have no right to share in the benefits of a purely private enterprise except on such terms as may be agreed upon between them and the plaintiffs.

*By the Court.*—Judgment affirmed.

[1] See *Michigan Public Utilities Comm. v. Duke,* decided January 12, 1925 (45 Sup. Ct. Rep. 191).—Reporter.